UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADBALKARIM AL KHATIB,<br><br>                             Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                            Respondents. | Case No.:  25cv2978-LL-VET<br><br>**(1) ORDER GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL**<br>[ECF No. 2]<br><br>**(2) ORDER SETTING BRIEFING SCHEDULE** |

      Pending before the Court are Petitioner Quoc Abdalkarim Al Khatib's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], Motion for Temporary Restraining Order [ECF No. 3], and Motion for Appointment of Counsel [ECF No. 2].

      Petitioner is a Palestinian, born in the West Bank in 1975, who moved to the United States in 1996 and obtained a green card. ECF No. 1 at 5–6. In 2002, he was convicted of a domestic violence offense, and on July 29, 2004, he was ordered removed. *Id.* at 6. He

was detained and then released on an order of supervision after Immigration and Customs Enforcement could not remove him to either Palestine or Jordan. *Id.* at 6–7. Petitioner has complied with all conditions of supervision since 2004. *Id.* at 7. On June 16, 2025, ICE arrested him at a scheduled ICE check-in and detained him. *Id.* at 8.

Petitioner alleges the following claims for relief: (1) ICE failed to comply with its own regulations regarding re-detaining a person following a period of release, 8 C.F.R. §§ 241.4(l), 241.13(i), violating his due process rights; (2) his detention violates the statute authorizing detention, 8 U.S.C. § 1231, and *Zadvydas v. Davis*, 533 U.S. 678 (2001), which holds that certain immigrants must be released if there is 'no significant likelihood of removal in the reasonably foreseeable future'"; and (3) ICE may not remove Petitioner to a third country without adequate notice and an opportunity to be heard pursuant to the Fifth Amendment's Due Process Clause, the Convention Against Torture, and implementing regulations. *Id.* at 13–27.

## I.     MOTION FOR APPOINTMENT OF COUNSEL

Petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), which allows a district court to provide counsel for any financially eligible person seeking habeas relief under § 2241 when "the interests of justice so require." ECF No. 2 at 3. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner, who is not fluent in English, attests that he cannot afford to hire an attorney and does not have the legal education or training to litigate a habeas petition involving immigration laws. ECF No. 1-2 ¶¶ 18–19; ECF No. 2 at 3. Federal Defenders of San Diego, Inc. assisted Petitioner with his Petition and motions and is ready and able to represent him. ECF No. 2 at 1 & n.1, 2; ECF No. 1 at 1 n.1. Having carefully considered the arguments raised in Petitioner's Motion and Petition, the Court finds it appropriate to appoint counsel in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the

Court **GRANTS** Petitioner's Motion and **APPOINTS** Federal Defenders of San Diego, Inc. to represent him.

## II.   BRIEFING SCHEDULE

Petitioner's Petition and Motion for Temporary Restraining Order both seek to reinstate Petitioner's release on supervision and to prohibit the government from removing him to a third country without an opportunity to file a motion to reopen with an immigration judge. ECF Nos. 3 at 3; 1 at 27–28.

The Court finds it appropriate to set a briefing schedule on the Petition and Motion for TRO. Additionally, the Court finds it necessary to order a limited stay pursuant to the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo until the Court can provide a reasoned decision, in order to avoid any potential jurisdictional problems if Petitioner is removed from this district.[1] *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 & n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

Accordingly, the Court **ORDERS** the following:

1. Respondents shall file any response to the Petition and Motion for TRO by **November 13, 2025 at 4:30 p.m.**

2. Petitioner may file a reply by **November 17, 2025 at 4:30 p.m.**

3. Following briefing, the Court will notify the parties if a hearing is warranted. Otherwise, the Court will take the matter under submission pursuant to Local Civil Rule 7.1(d)(1).

4. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing

---

[1] Under the All Writs Act, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

1  Petitioner from the United States or this district pending further order of the Court,
2  to maintain the status quo to allow the Court to provide a reasoned decision.
3      5.   The Clerk of Court shall transmit a copy of this Order, the Petition [ECF
4  No. 1], and the Motion for Temporary Restraining Order [ECF No. 3] to the U.S.
5  Attorney's Office for the Southern District of California.
6      **IT IS SO ORDERED**.
7  Dated:  November 6, 2025

_____
Honorable Linda Lopez
United States District Judge