UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ABDALKARIM AL KHATIB,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,

Respondents.

Case No.:  25cv2978-LL-VET

**ORDER:**

**(1) DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**
[ECF No. 18];

**(2) DENYING AS MOOT PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**
[ECF No. 17]

Before the Court are Petitioner Abdalkarim Al Khatib's Motion to Enforce Prior Habeas Order [ECF No. 18] and Ex Parte Application for Temporary Restraining Order ("TRO") [ECF No. 17].

On November 18, 2025, this Court granted Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 after finding that Respondents failed to comply with agency regulations 8 C.F.R. §§ 241.13(i) and 241.4(l) when they revoked Petitioner's supervised

1

25cv2978-LL-VET

release. ECF No. 14 at 6. This finding was "'without prejudice' to the remedies that the Government may otherwise have, namely their readiness to deport Petitioner to the West Bank in the coming months." *Id.* The Court ordered Petitioner's release as follows: "The Government shall immediately release Petitioner from custody on the June 16, 2025 revocation of release and arrest. Petitioner shall comply with all conditions that were in effect before his re-detainment." *Id.* The Court also ordered a joint status report confirming Petitioner's release, which it received on November 19, 2025. ECF No. 15. A separate entry of judgment was filed on December 17, 2025, and the case was closed. ECF No. 16.

In Petitioner's instant Motion to Enforce Judgment and Ex Parte Application for a TRO, he contends he has been re-detained without demonstrating a material change in circumstances, which undermines this Court's prior order. ECF No. 18 at 4–6.

Petitioner claims that after his release in November 2025, he complied with all conditions of his supervised released, but he was re-detained at a check-in appointment on January 27, 2026. *Id.* at 3. Petitioner contends that an "ICE officer falsely stated that they were able to obtain a travel document[] to Jordan, and that Petitioner's flight has been booked." *Id.* Petitioner further contends although he does not read, write, speak, or understand English, ICE officers made him sign documents without understanding them and without being offered a translator. *Id.* Petitioner was then transferred to an Arizona detention facility and several days later, ICE unsuccessfully attempted to have Petitioner board a plane to Jordan, but was refused because he did not possess travel documents. *Id.* Petitioner was returned to California and is currently detained at Adelanto Processing Center in the jurisdiction of the Central District of California. *Id.* at 3–4. Petitioner argues that "ICE is in contempt of Court" because sixty days later, ICE still has not provided any of the travel documents it claimed to already have the day they re-detained him. *Id.* at 6.

A federal court has "inherent power to enforce its judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994), *as amended on denial of reh'g* (Jan. 6, 1995) ("[D]istrict courts have continuing jurisdiction to enforce their injunctions."). "The moving party has the burden of showing by clear and

25cv2978-LL-VET

convincing evidence" that Respondents "violated a specific and definite order of the court." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992) (citation omitted). The burden then shifts to Respondents "to demonstrate why they were unable to comply." *Id.* (citation omitted).

Here, the Court's November 18, 2025 Order only called for Petitioner's immediate release under his previous conditions of supervised release. ECF No. 14 at 6. It did not set conditions for any re-detention.[1] Petitioner's Motion and Ex Parte Application do not show "by clear and convincing evidence" that Respondents violated the Order. *See Stone*, 968 F.2d at 856 n.9. Therefore, Petitioner has not met his initial burden.

Accordingly, the Court **DENIES** Petitioner's Motion to Enforce Prior Habeas Order and **DENIES AS MOOT** Petitioner's Ex Parte Application for TRO. Petitioner should, however, seek habeas relief in the Central District of California if he has any new grounds for relief.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

Honorable Linda Lopez
United States District Judge

---

[1] Since then, this Court has more recently added specific orders about travel documents and notice involving petitioners with final orders of removal such as Mr. Al Khatib. *E.g.*, *Feh v. Noem*, No. 26CV0578-LL-BLM, 2026 WL 686168, at *5 (S.D. Cal. Mar. 11, 2026).